UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ASSURANCE INDUSTRIES COMPANY, INC., a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>SNAG, INC., a Florida corporation; TERRENCE P. ANTON, an individual and resident of Oklahoma; WALTER E. ARMSTRONG III, an individual and resident of Florida; PLAYER DEVELOPMENT PRODUCTS, LLC, a Florida limited liability company; and DOES 1 through 100,<br><br>          Defendants. | Case No:  C 10-1718 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Docket No. 24, 33, 40 |

The instant diversity jurisdiction action arises from a business dispute between Plaintiff Assurance Industries Company, Inc. ("AIC") and Defendants Snag, Inc. ("Snag"), Player Development Products, LLC ("PDP"), Terrance Anton ("Anton") and Walter Armstrong III ("Armstrong").  Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), all Defendants, except Armstrong, move to dismiss the Complaint for lack of jurisdiction and for failure to state a claim, respectively.  Dkt. 24, 33.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motions to dismiss for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.     **BACKGROUND**

Defendants Anton and Armstrong previously founded a limited liability company called 3 G Gold Ventures LLC ("3 G"), which is now defunct.  Compl. ¶ 6.  Sometime in 2000, Anton, ostensibly on behalf of 3 G, contacted AIC about designing and

manufacturing golf teaching products patented by Armstrong and Anton.  Id. ¶ 14.  One product consisted of a golf game with a three-dimensional target, while the other was a golf training tool which provided audio feedback to aid golfers (collectively "golf products").  Id.  The patents to both golf products are held by Snag, a corporation formed by Anton and Armstrong.  Id. ¶¶ 2, 8.

Following meetings between Anton and Steve Chen, AIC's President, AIC agreed to design and oversee the manufacturing of the golf products.  Id.   Under their agreement, 3 G was to forward purchase orders for the products to AIC, which, in turn, would produce and ship the products to 3 G and/or its customers.  Id.  In approximately 2003, 3 G began experiencing financial difficulty and fell behind on its payments to AIC.  Id. ¶ 18.  Eventually, 3 G ceased operation, while still owing AIC an outstanding balance of $320,751.78.  Id.[1]  As a means of paying down 3 G's debt, AIC and Anton agreed that AIC could sell the golf products and that the profit from those sales would be used to offset the outstanding balance owed to AIC.  Id.  In the beginning of 2008, however, Anton rescinded its authorization permitting AIC to sell the Snag golf products.  Id. ¶ 19.

On April 22, 2010, AIC filed the instant action against Snag, Anton, Armstrong and PDP (collectively "Defendants"), alleging state law causes of action for fraud, breach of contract, accounting and declaratory relief.  In response, Anton along with Snag and PDP filed essentially identical motions to dismiss for lack of jurisdiction and for failure to state a claim under Rules 12(b)(1) and 12(b)(6).  Dkt. 24, 33.  First, Defendants contend that the Complaint must be dismissed because the inclusion of Doe defendants destroys diversity.  Second, they argue that AIC's first cause of action for fraud lacks the requisite particularity required by Rule 9(b).  Finally, Defendants allege that AIC's cause of action for breach of contract is deficient as pled.  Plaintiff opposes the motions to dismiss, but requests leave to amend in the event the Court concludes that dismissal is warranted.  Dkt. 40.

---

[1] 3 G, which is not a party, dissolved in 2003.  Compl. ¶ 6.  In 2006, Anton and Armstrong formed PDP, another limited liability company in which both were the entity's only members.  Id. ¶¶ 21-22.

II.     **LEGAL STANDARD**

   A.     **RULE 12(B)(1)**

Rule 12(b)(1) authorizes the dismissal of action for lack of subject matter jurisdiction.  Federal subject matter jurisdiction may be based on the presence of a federal question, 28 U.S.C. § 1331, or diversity of citizenship, 28 U.S.C. § 1332.  Diversity jurisdiction exists in case where the parties are citizens of different states and where the amount in controversy exceeds the sum of $75,000.  28 U.S.C. § 1332.  A complaint is subject to dismissal under Rule 12(b)(1) where subject matter jurisdiction is absent from the face of the complaint.  See Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009).  Where, as here, a facial challenge to jurisdiction is brought, the Court assumes the plaintiff's factual allegations to be true and draw all reasonable inferences in its favor.  Id.

   B.     **RULE 12(B)(6)**

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief may be granted.  The court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).  To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice[.]"  Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement in the Cloverly Subterranean, Geological Formation, 524 F.3d 1090, 1096 (9th Cir. 2008).  If the complaint is dismissed, plaintiff generally should be afforded leave to amend unless it is clear the complaint cannot be saved by amendment.  See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

### III. DISCUSSION

#### A. SUBJECT MATTER JURISDICTION

Defendants contend that AIC's inclusion of Doe defendants forecloses diversity jurisdiction. The Ninth Circuit has previously held that the inclusion of a Doe defendant destroys diversity jurisdiction and warrants dismissal of any claim asserted against such a defendant. See Garter-Bare Co. v. Munsingwear, Inc., 650 F.2d 975, 981 (9th Cir. 1981) ("Their [i.e., several Doe defendants] inclusion destroys that jurisdiction and the claim was properly dismissed, if only for this reason."); Molnar v. Nat'l Broad. Co., 231 F.2d 684, 687 (9th Cir. 1956) (same). Where Doe defendants are named in a diversity jurisdiction complaint initially filed in federal court, the appropriate course of action is to dismiss the action to allow the plaintiff to file an amended pleading that deletes references to the Doe defendants. See Molnar, 231 F.2d at 687-88 (permitting the filing of an amended complaint to eliminate Doe defendants); Ningbo Yonglin Light Indus. Co., Ltd. v. Wham-O, Inc., No. C 09-1946 MMC, 2009 WL 2169707, at *1 (July 19, 2009) ("the complaint is subject to dismissal, with leave to amend to delete all references to 'Doe' defendants").[2] Accordingly, the Complaint is dismissed with leave to amend to allow AIC to dismiss the Doe defendants.

#### B. SUFFICIENCY OF CLAIMS

As an alternative matter, Defendants contend that AIC's causes of action for fraud and breach of contract fail to allege facts sufficient to state a claim. Although the Court has concluded above that AIC's inclusion of Doe defendants warrants dismissal, it is likely that AIC will amend its Complaint to rectify that deficiency. As such, to promote efficiency

---

[2] Some district courts have declined to follow Garter-Bare on the basis that subsequent circuit authority allegedly supports the conclusion that jurisdictional issues concerning Doe defendants should be deferred until the substitution of the Doe for an actual party is sought. See Hao v. Chen, No. 10-CV-00826-LHK, 2010 WL 3910165, at *4 (N.D. Cal. Oct. 5, 2010); Fat T, Inc. v. Aloha Tower Assocs. Piers 7, 8, and 9, 172 F.R.D. 411 (D. Haw. 1996). However, neither Garter-Bare nor Molnar have been overruled. As such, those cases remain binding on this Court. See Hart v. Massanari, 266 F.3d 1155, 1171 (9th Cir. 2001) ("Once a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court.").

and to avoid unnecessary motion practice, the Court now addresses whether AIC's causes of action for fraud and breach of contract are sufficiently pled.

### 1. Fraud

Fraud claims and claims that "sound in fraud" or that are "grounded in fraud" must satisfy the heightened pleading requirements of Rule 9(b), which provides, in relevant part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b); see Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). This means that the complaint must allege "the who, what, when, where, and how" of the alleged fraudulent conduct, Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997), and "set forth an explanation as to why [a] statement or omission complained of was false and misleading," In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc). Where multiple defendants are involved, the plaintiff also must identify the role of each defendant in the alleged fraudulent scheme. See Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007). Here, AIC's Complaint fails to comport with these requirements. Though the Complaint attributes the allegedly false statements to Anton, it does not allege facts regarding the other requisite components of a fraud claim. See Compl. ¶¶ 17, 18, 31. The Court therefore dismisses AIC's first cause of action for fraud with leave to amend to cure this deficiency.

### 2. Breach of Contract

To state a claim for breach of contract under California law, Plaintiff must plead facts establishing the following elements: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal.App.4th 1226, 1239 (2008). The statute of limitations for a breach of written contract claim is four years. Cal. Cod. Civ. P. § 337(1). For contract claims "not founded on upon an instrument of writing," the statute of limitations is two years. Id., § 339(1).

Here, AIC alleges generally that it entered into an implied-in-fact contract with "Defendants" for the "design, production and distribution of certain golfing aids to be

distributed worldwide." Compl. ¶¶ 10, 36.  According to the Complaint, Defendants allegedly breached this agreement "by not paying the amounts earned by, and owed to Plaintiff." Id. ¶ 38.  Despite the averment that AIC's contract was with all Defendants, the allegations concerning Defendants' alleged breach, in fact, pertain to 3 G, which is not a party to the action.  Id. ¶ 17.  AIC does not dispute this, but argues in its opposition that 3 G was the alter ego of Defendants Anton and Armstrong.  Pl.'s Opp'n at 4.  However, there are no alter ego allegations set forth in the pleadings.  See Neilson v. Union Bank of Calif., 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003) ("Conclusory allegations of 'alter ego' status are insufficient to state a claim[;] [r]ather, a plaintiff must allege specifically both elements of alter ego liability, as well as facts supporting each.").[3]  Thus, the Court dismisses AIC's claim for breach of contract, with leave to amend.

## IV.   CONCLUSION

For the reasons set forth above,

IT IS SO ORDERED THAT:

1.   Defendants' motions to dismiss (Dkt. 24, 33) and Plaintiff's request for leave to amend (Dkt. 40) are GRANTED.

2.   AIC shall have seven (7) days from the date this Order is filed to file an amended complaint, consistent with the Court's rulings, as set forth above.  In the event AIC fails to file an amended complaint within that time-frame, the dismissal of the action will be deemed to be with prejudice.  Defendants shall file their response to the amended complaint no later than fourteen (14) days after the deadline for AIC to file its amended pleading.

---

[3] In view of the Court's decision to dismiss AIC's contract cause of action with leave to amend, the Court does not reach Defendants' alternative argument that such claim is barred by the application two-year limitations period.  Nonetheless, in amending its Complaint, AIC should be mindful of when its claim accrued and whether either the doctrine of equitable estoppel or equitable tolling is germane.  See Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008) (distinguishing between equitable estoppel and equitable tolling).

3. The initial case management conference previously scheduled for October 5, 2010 is CONTINUED to **December 9, 2010 at 3:30 p.m.** Prior to the date scheduled for the conference, the parties shall meet and confer and prepare a joint Case Management Conference Statement. The joint statement shall be filed no later than ten (10) days prior to the conference and shall comply with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

4. This Order terminates Docket Nos. 24, 33 and 40.

IT IS SO ORDERED.

Dated: October 14, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge