ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Telephone: (408) 292-1040
Facsimile: (408) 416-0248
adamqwang@gmail.com

Attorneys for Plaintiff & Cross-Defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSURANCE INDUSTRIES COMPANY, INC.<br><br>Plaintiff,<br><br>v.<br><br>SNAG, INC., *et al*,<br><br>Defendants. | Case No. C10 1718 SBA<br><br>**STIPULATION AND ORDER TO CONTINUE THE TIMEFRAME FOR DEPOSITIONS IN HONG KONG AND FOR PERMISSION TO TAKE ADDITIONAL DEPOSITIONS FOR USE AT TRIAL** |

Plaintiff/Counter-Defendants Assurance Industry Inc. and Sheng Chen (collectively "Plaintiff"), and Defendants/Counter-Claimant Snag, Inc., Terrence P. Anton and Player Development Products, LLC (collectively "Defendants"), through their respective counsel, stipulate as follows:

1. The currently-operative First Amended Complaint (FAC) by Plaintiff Assurance Industries Company Inc. (AIC) alleges fraud and breach of contract.

2. In answering the FAC, SNAG Inc. and Player Development Products, LLC filed Counterclaims against Counter-Defendants AIC and Chen, alleging, among other things, infringement of trademark and breach of contract due to the delivery of the defective goods.

3. This case was originally set for trial on September 10, 2012, with a final pre-trial conference on September 4, 2012.

4. On August 19, 2012, Plaintiff/Counter-Defendants filed a Motion to Vacate the Trial Date and to Reopen Discovery to depose "Mark Liu" in China.

5. Defendants first opposed to the motion, but subsequently withdrew their opposition upon certain conditions subsequently agreed to by the parties.

6. On August 29, 2012, this Court issued an order granting Plaintiff's motion, continuing the trial to February 11, 2013. In this Order, the Court directed parties to take the depositions within 90 days of the Order; and the Court reopened the discovery only for taking the deposition of Mark Liu.

7. Thereafter, the parties began exploring the efficacy of taking more depositions than just Mark Liu in Asia given the extensive travel and the number of witnesses there who may otherwise have to travel here for trial. Thus, the parties have been working to arrange multiple depositions in Asia before presenting this stipulation to the Court. Due to the restrictions of Chinese law on taking discovery within mainland China for the purpose of a judicial proceeding in a foreign country, the parties have agreed that depositions will take place in Hong Kong.

8. Due to the trial schedules of counsel and the schedules of respective parties and witnesses, parties have been unable to arrange the depositions in Hong Kong within the 90-day time allotted. However, the parties have confirmed the deposition arrangements in Hong Kong to occur from December 12, 2012 to December 16, 2012 (about two weeks beyond the 90 day deadline). By this stipulation, the parties seek an order allowing the depositions to proceed beyond the allowed 90 days but no later than December 16, 2012.

9. While the depositions are not scheduled to occur within 90 days of the August 29, 2012 order, the parties do not anticipate any impact upon the remaining case schedule. Furthermore, the parties believe that the taking of the depositions requested below could facilitate settlement. During settlement discussions in the past, the parties have exchanged questions and comments about what witnesses from China might or might not say, and so a

**STIPULATION RE DEPOSITIONS IN HONG KONG**
Assurance Industries Company Inc. v. SNAG Inc., et al

1  transcript of their actual testimony could be helpful for the upcoming settlement conference
2  scheduled for December 20, 2012.
3      10.   Thus, to provide more information for settlement discussions and to reduce the
4  cost of trial and travel of witnesses from Asia to the United States for trial, the parties agree to
5  take depositions of additional witnesses, other than just Mark Liu, who are residing Asia (and
6  have their deposition transcripts or portions thereof, subject to admissibility objections, entered
7  at trial in lieu of live testimony). In particular, the parties have agreed, subject to Court approval,
8  to allow the following depositions between December 12, 2012 and December 16, 2012 in Hong
9  Kong (at Merrill Corporation's offices):

10  **Depositions to be taken by Plaintiff/Counter-Defendants: Mark Liu, Eva Xia, Wan**
11  **Cheng Li, Cai Yuan Hua and a Mr. Chen** (scheduled to occur December 13 through 16
12  but Plaintiff will try to complete all depositions earlier);
13  **Depositions to be taken by Defendants/Counter-Claimants: Mssrs. Chou, Money,**
14  **and Chang (and possibly one other)** (scheduled to occur between December 12 and 13).
15  The parties jointly seek an order to allow the above depositions with the transcripts being
16  usable in this action, including trial, in the same manner they could been used had they been
17  taken before the discovery cutoff here in the Northern District. The parties also stipulate to the
18  applicable Federal Rules of Civil Procedure for the depositions, including the rules regarding the
19  form of questioning, objections, etc.

20  Dated: December 3, 2012    By:   /s/ Adam Wang            .
21                                   Adam Wang
                                     Attorney for Plaintiff/Counter-Defendants
22                                   Assurance Industry Inc. and Steve Chen

23  Dated: December 4, 2012    By:   /s/ John Domingue        .
                                     John Domingue
24                                   Attorney for Defendants/Counter-Claimants
                                     SNAG, INC., TERRENCE P. ANTON, and
25                                   PLAYER DEVELOPMENT PRODUCTS, LLC

**STIPULATION RE DEPOSITIONS IN HONG KONG**
Assurance Industries Company Inc. v. SNAG Inc., et al
                                3                    Case No. C10 1718 SBA

ORDER UPON STIPULATION OF THE PARTIES

Pursuant to the stipulation of parties above, IT HEREBY ORDERED AS FOLLOWS:

A.  The depositions set forth in Paragraph 10 above are hereby allowed, and shall proceed, subject to mutual agreement by the parties or further order of this Court to modify the schedule, on the dates and location specified in paragraph 10 above.

B.  The depositions, subject to objections as to admissibility, may be used in this action just as if they had been taken here in the Northern District before the discovery cutoff.

C.  The depositions shall proceed under the Federal Rules of Civil Procedure, including the rules applicable to the form of questioning, objections, etc.

Dated: December _6_, 2012

By: _____*Saundra B. Armstrong*_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

**STIPULATION RE DEPOSITIONS IN HONG KONG**
Assurance Industries Company Inc. v. SNAG Inc., et al
4   Case No. C10 1718 SBA